UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| AMELIA H., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:24-cv-00237-MPB-CSW |
| ) | |
| FRANK BISIGNANO Acting Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION**

Claimant Amelia H. appeals the Social Security Administration's decision denying her application for disability insurance benefits. This matter was referred to the Magistrate Judge, who recommended that the Commissioner's decision be affirmed. (Docket No. 16). Claimant filed a written objection, (Docket No. 17), to the Magistrate Judge's Report and Recommendation, (Docket No. 16). For the following reasons, the Court **OVERRULES** Claimant's objection, (Docket No. 17), and **ADOPTS** the Magistrate Judge's recommended disposition, (Docket No. 16).

**I.     Background**

In February 2022, Claimant filed an application for Title II Disability Insurance Benefits. (Docket No. 6-5 at ECF pp. 2–4). The Administrative Law Judge (ALJ) held a hearing. (Docket No. 6-2 at ECF pp. 35–79). Claimant was twenty-nine years old at the time of her disability hearing. (Docket No. 6-6 at ECF p. 2). There, Claimant provided the following testimony. She began experiencing fatigue in 2018 while studying to become a physician's assistant. (Docket No. 6-2 at ECF p. 54). Because of her fatigue, she missed days of school and clinicals and struggled to study. (*Id.*). After graduating in 2020, Claimant could not work a full-time job due to

her fatigue, (*id.* at ECF pp. 44–46), so she worked several part-time jobs, (*id.* at ECF pp. 41–43). In 2021, Claimant gave birth to her daughter, whom she cared for at home while her husband worked. (*Id.* at ECF pp. 59–60). While at home, Claimant fed her daughter, picked her up, and changed her diapers, and did laundry, dishes, cooking, and occasional grocery shopping. (*Id.* at ECF pp. 60–61). Claimant stopped taking her steroid when she became pregnant and did not "restart[]" it. (*Id.* at ECF p. 63). She was taking Nurtec for migraines, as well as a cholesterol medication, (*id.* at ECF pp. 64, 67), but was not taking prescribed pain medication, (*id.* at ECF p. 68).

In a written decision, the ALJ concluded that Claimant was not disabled under the Social Security Act. (*Id.* at ECF p. 30). The ALJ followed the five-step evaluation process. (*Id.* at ECF p. 17). He concluded that Claimant had not engaged in substantial gainful activity since the onset date, had several severe impairments (chronic fatigue syndrome, idiopathic hypersomnia, migraine headache, second degree atrioventricular block, orthostatic hypotension, and disorder of the spine), and that none of her impairments met or equaled a listed impairment. (*Id.* at ECF pp. 18–20). The ALJ then assessed a Residual Functional Capacity (RFC) of "light work," as defined in 20 C.F.R. § 404.1567(b), with allowances for sitting, standing, and walking, as well as environmental limits on noise intensity, sunlight exposure, and "dangerous workplace hazards," like machinery, heights, and uneven terrain. (*Id.* at ECF pp. 20–28). Next, the ALJ found that Claimant could not perform her past relevant work but could perform several jobs. (*Id.* at ECF pp. 28–30). Consequently, the ALJ denied Claimant's disability claim. (*Id.* at ECF p. 30).

| II. | **Standard of Review** |

This Court reviews de novo the objections to a magistrate judge's recommended disposition of a dispositive motion. Fed. R. Civ. P. 72(b)(3). The Court may adopt, reject, or

modify the magistrate judge's recommended disposition. *Id.*

On judicial review, an ALJ's factual findings "shall be conclusive" if supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citation omitted). The ALJ's decision must "reflect[] an adequate logical bridge from the evidence to the conclusions." *Id.* The Court may not reweigh the evidence or substitute its judgment for the ALJ's. *Id.*

### III. Discussion

Claimant takes issue only with the ALJ's assessment of her RFC. A claimant's RFC is how much she can work despite her limitations. *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). Claimant argues that the ALJ erroneously assessed her RFC for two reasons: the ALJ did not fully credit Claimant's testimony about her symptoms, and the ALJ failed to impose functional limitations that corresponded to Claimant's severe impairments. Neither argument is persuasive.

The ALJ's RFC assessment is supported by substantial evidence. The ALJ concluded that, given Claimant's severe impairments, Claimant has the RFC to perform light work with allowances for sitting, standing, and walking, as well as environmental limits on noise intensity, sunlight exposure, and "dangerous workplace hazards," like machinery, heights, and uneven terrain. (Docket No. 6-2 at ECF p. 20). The ALJ based his conclusion on the medical evidence and Plaintiff's testimony. As for the medical evidence, the ALJ charted the improvement in Claimant's symptoms, and her decreased need for treatment and medication. The ALJ observed that Claimant's 2019 sleep study revealed no "significant obstructive respiratory disturbance or oxygen desaturations," normal sinus rhythm and "asymptomatic" "episodes of . . . AV block,"

3

and "sleep latency within normal limits." (*Id.* at ECF p. 22). Her echocardiogram "showed normal." (*Id.*). Later that year, Claimant's palpitations were "insignificant, brief, and infrequent." (*Id.*). She did not require a pacemaker. (*Id.*). In 2020, Claimant's "[l]aboratory results and physical examination were normal." (*Id.* at ECF p. 23). She started taking Florinef, which worked "very well" for her orthostatic hypotension. (*Id.*). Claimant was also recommended a nutrition consultation to deal with her fatigue and three-pound weight loss, which helped her gain about five pounds. (*Id.* at ECF p. 24). From mid-2020 through mid-2021, Claimant's monitoring results showed "a short run of atrial tachycardia that was not sustained and [showed] no concerning pauses." (*Id.*). She gave birth in 2021. (*Id.*) By 2022, Claimant had "no chief complaint" for her primary care physician. (*Id.*). Her BMI had increased, and she denied "any problems with concentrating, remembering, making decisions, walking, climbing stairs, or in personal care or errands." (*Id.* at ECF p. 25). By 2023, Claimant's BMI had increased again, and "she denied any dizziness, headaches, weakness, numbness, or any gastrointestinal symptoms." (*Id.*).

      The ALJ also cited Claimant's testimony as further support for his RFC assessment. Claimant testified that she stopped taking a steroid, and, as for other prescription medication, took only Nurtec for migraines and a cholesterol medication. (*Id.* at ECF p. 27). Claimant's symptoms had "stabilized," and her follow-ups with specialists declined (*Id.*) She was able to be the primary caregiver for her and her husband's young child; she drove, shopped, did household chores including bathing, carrying, lifting, feeding, and changing a young child. (*Id.*). The ALJ built a logical bridge between the medical and testimonial evidence and his RFC assessment. *Gedatus*, 994 F.3d at 900.

4

Claimant incorrectly argues that the ALJ's RFC assessment was erroneous because the ALJ did not fully credit Claimant's testimony about the severity of her symptoms. (Docket No. 9 at ECF pp. 11–13). An ALJ's evaluation of a claimant's symptoms testimony will be reversed only if it "lacks any explanation or support." *Elder v. Astrue*, 529 F.3d 408, 413–14 (7th Cir. 2008) (citation omitted). Here the ALJ considered Claimant's testimony, as he was required to do, 20 C.F.R. § 404.1529(c)(1), and as Claimant acknowledges, (Docket No. 9 at ECF p. 11), but found it "inconsistent" with the medical evidence and Claimant's life activities testimony, which indicated that Claimant "function[ed] at a higher level . . . than [she] alleged," (Docket No. 6-2 at ECF pp. 26–27). The ALJ thus provided an explanation for why he did not fully accept Claimant's testimony about her symptoms. And this evaluation was the ALJ's prerogative—he did not have to "accept wholly" Claimant's "perception" of her disability. *Cass v. Shalala*, 8 F.3d 552, 555 (7th Cir. 1993). The ALJ did not err in evaluating Claimant's symptoms testimony.

Nor did the ALJ err by declining to assess an RFC that included Claimant's requested limitations—regular afternoon naps and days off. Claimant argues that the ALJ had to impose these limitations because he found that the conditions from which they stem, her chronic fatigue syndrome and idiopathic hypersomnia, constitute severe impairments. But this conclusion does not follow. An ALJ's finding of a severe impairment does not require an RFC with Claimant's desired corresponding limitations; rather, the RFC is assessed in light of "all of the medical and nonmedical evidence[.]" 20 C.F.R. § 416.945(e). This is how the ALJ assessed Claimant's RFC here. He recited Claimant's testimony—which, as explained above, the ALJ discounted as "inconsistent" with the other evidence, (Docket No. 6-2 at ECF p. 26)—as well as the medical evidence and administrative medical findings, and then gave reasons why the evidence supported

the RFC he assessed, (*id.* at ECF pp. 27–28). There is no error, let alone reversible error, in the ALJ's analysis.

The ALJ's RFC assessment is supported by substantial evidence.

### IV.     Conclusion

The Court **ADOPTS** the Magistrate Judge's recommended disposition. (Docket No. 16). Claimant's written objection, (Docket No. 17), is **OVERRULED**. The Commissioner's decision is **AFFIRMED**. Final judgment shall issue by separate entry.

**IT IS SO ORDERED**.

Dated: November 21, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph Ira Frydman
Frydman Law LLC
1700 Reisterstown Road
Suite 202
Baltimore, MD 21208

Brian J. Alesia
Emily Skutch Cohn
Social Security Administration
Office of Program Litigation-6
6401 Security Boulevard
Baltimore, MD 21235

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204